Good morning, Your Honors, and may it please the Court, Michael Murray for Mr. Whatley. The State more than quadrupled Mr. Whatley's sentence for the possession of a small amount of drugs on the theory that the nearby Robinson Community Church held youth programs on a regular basis. That since-repealed Indiana statute is unconstitutionally vague as applied to Mr. Whatley. Yet Mr. Whatley did not have the opportunity to have that claim heard on the merits of the Federal Court because the District Court held that it was procedurally defaulted. Even though Mr. Whatley litigated it to a 3-2 decision from the Indiana Supreme Court. The District Court's decision is- The Respondent argues that Whatley failed to show an inconsistency between the result reached by the Indiana Supreme Court and any Federal Supreme Court precedent. What's the best Supreme Court case that demonstrates that the Indiana Supreme Court erred in applying Federal constitutional law? The best cases are Evans, Connolly, and Elko and Grocery. Those cases establish clearly the principle that a statute that admits of multiple constructions that is insolubly ambiguous and that does not provide a person applying his reasonable person standard the ability to tell whether his behavior is covered by a statute makes that statute unconstitutionally vague. And that's exactly what happened here. The most natural reading of the Indiana statute is that it applied to facilities that host youth programs on a normal or perhaps constant basis. Places like YMCA's or Boys and Girls Clubs. Those are the types of facilities that are covered in other aspects of the statute. Schools, the parks, the family housing complexes. But the Robinson Community Church is not like that at all. At most it hosts events for a few hours at a time, a few nights a week. There was no way for Mr. Whatley to tell after reading the statute and looking at the Indiana case law if he so chose or looking at the other terms that were covered by the statute that the Robinson Community Church would be covered and that his behavior would be subject to an enhancement that increased his sentence by over 27 years. But this court did not reach that question. If this court has any doubt as to whether Mr. Whatley should prevail on the merits of his claim it should reverse and remand the district court to consider it in the first instance because the district court did not do so. It held that his claim was procedurally defaulted even though he litigated it to a 3-2 decision in the Indiana Supreme Court. Mr. Whatley clearly sufficiently exhausted his claim for three reasons. The first reason is, as I just mentioned, the Indiana Supreme Court considered it on the merits. The second is that he presented it in his briefs to the Indiana Supreme Court. And the third is that at a minimum he presented an identical state law claim. To go into more detail on each of those reasons, it is well established that when a state court passes on a federal constitutional claim that that claim is sufficiently presented for purposes of the exhaustion requirement of federal habeas review. That's what the Supreme Court said in Castile and that's what circuit courts around the country have explicitly held. Here, the Indiana Supreme Court passed on a federal constitutional claim. It began its analysis by citing Polk v. State, which is a leading Indiana case on federal constitutional basis. And then it proceeded to cite at least seven additional in and out-of-state cases addressing federal constitutional claims. The dissent for its parts cited federal case law regarding constitutional due process claims. Thus, the Indiana Supreme Court clearly passed on a federal constitutional claim. And under the established case law, Mr. Whatley has thus sufficiently presented it. In addition, Mr. Whatley also presented a federal claim in his briefs to the Indiana Supreme Court. He relied on state cases that analyzed federal constitutional claims. And he put his claim in terms that clearly raised the federal constitutional claim, talking about notice, the lack of a bright line, his inability to determine whether he was subject to the statute. In any event, at a minimum, Mr. Whatley presented a state law claim regarding constitutional vagueness. And this court held in Faulkner case that when an individual petitioner presents to the state courts a state law claim that is functionally identical to a federal law claim, that federal law claim is also sufficiently presented. In that case, in the Faulkner case, the individual presented a state due process claim, and this court held that the federal due process claim was sufficiently presented. Well, why don't you spend what limited time you have, Mr. Murray, on the vagueness issue. Let's assume for the moment it's not procedurally defaulted. Sure, Your Honor. Mr. Whatley's sentence violates the federal due process clause protection against vague statutes because he simply could not tell that his conduct would be subject to the statute. It's well established that a statute is good for vagueness as applied to a particular individual when that individual can't tell what the statute covers, and in particular whether his behavior would be covered. Here, the statute admits multiple constructions, as even the Indiana Supreme Court admitted. The key term regular can mean at least three things. It can mean periodic, it can mean constant, or it can mean normal. No one could tell which of these definitions the state was going to apply. In particular, no one could tell that they were going to apply which definition they would apply in a particular case. The most natural reading of the statute is that it applies to places that host normal youth programs. There are two reasons why that's the most natural reading. The first is that the other terms in the statute, places like schools or parks or even family housing complexes, are places that are designed for children and places where children customarily go all day, every day, like a YMCA or a Boys and Girls Club. The second reason is that the Indiana case law on this statute consists primarily of cases that apply the statute to YMCAs, Boys and Girls Clubs, youth treatment centers. I think there's a youth detention center case and some daycare center cases. Those places indicate that an individual who read this statute, looked at that case law, would think that this statute applied to places like YMCAs or Boys and Girls Clubs. In other words, places that are similar to schools in the degree to which children go there. But the Robinson Community Church is not like that at all. At most, it hosts events a few hours at a time, a few nights a week. And so if Mr. Watley were to stake out the Robinson Community Church, which of course raises its own issues, but assuming that he were to stake out the Robinson Community Church, he would not see children going there with the same frequency or same regularity as they would be going to YMCAs or Boys and Girls Clubs. So you're suggesting then that there would have to be almost daily attendance, Mr. Murray, at a community church by young people to satisfy the statute? Certainly daily attendance would satisfy the statute. But what Mr. Watley needed to be able to see was a place that is designed for children, that he could tell was designed for children, or that children go to. Of course, our issue is how unreasonable the Indiana Supreme Court is. You know, that's a pretty high bar under what is now the standard set by the Congress of the United States. I mean, that's the real challenge is for us to find out how vague this is. Yes, Your Honor, it certainly sets a high standard of review. The question here is whether it was reasonable to conclude that Mr. Watley would be covered by the statute and what the brief is attempting to lay out is that there was just simply no way at all for Mr. Watley to do so. I see that leads to my rebuttal. I'd like to reserve the rest of it. All right. Thank you, Mr. Murray. Ms. Langenbecher? May it please the Court. Ms. Langenbecher, we have so little time. I want to ask you a question that I've really been thinking about. Does McDonald's fit the definition of a youth program center? What if the McDonald's hosts children's birthday parties? How often would a restaurant have to host children's birthday parties for a defendant to qualify for this enhancement? If he buys a McDonald's at midnight with three grams of cocaine in his pocket? Well, Your Honor, I think that if the McDonald's held youth events or birthday parties, as you say, between four times a week, as the Robinson Church did, that that would fit under most people's definition of regular. In any event, however, in that instance, Mr. Watley could have offered a statutory defense by saying it was midnight and there were no children present at the McDonald's during this time. He didn't offer that defense in this case. He asks this Court not only to excuse his multiple procedural defaults, but also to ignore 2254D's requirements and be the first to conclude that the word regular is facially unconstitutionally vague. Indeed, Mr. Watley has cited no case in which a court held regular is vague on its face, and several courts have concluded the term regular or regularly is not vague, including the Sixth Circuit Court of Appeals. All this, however, must be viewed through the deferential lens of 2254D, which says that even if this Court might come to a different conclusion from the Indiana Supreme Court on Mr. Watley's claim, that's not enough to overturn it. We have to find that no reasonable jurist would come to the same conclusion as the Indiana Supreme Court. What's more, all of that assumes that Mr. Watley fairly presented his claim to the Indiana Supreme Court. He did not do so. He cited only 11 state cases in his brief to that court. He cited no federal case or statute. He didn't describe his claim as federal. And the Indiana Supreme Court picked up on that in its opinion. It said, relying on Indiana case law, Watley insists that due process demands a bright line rule. Clearly, Watley presented a state vagueness claim to the court, and the court understood it as such. Thus, it's not available to him on habeas review here. You know, another question that I had is that you cited the Supreme Court's recent decision in Johnson v. United States once, but you didn't address its holding that the due process vagueness analysis applies equally to statutes that fix sentences as well as statutes defining the elements of a crime. And it seemed to me that you were taking the position of Justice Alito's dissent, that the analysis does not apply with equal force with sentencing statutes, because there's no chance of ensnaring an innocent person. Could you please respond to Justice Scalia's majority opinion that held to the contrary? Well, Your Honor, certainly the fair notice requirement and the purpose behind it is not advanced in the same way by applying it to a sentencing enhancement statute, in that the purpose of the fair notice requirement is to avoid showing legitimate conduct, and that interest isn't present where the defendant is already doing something illegal. But Johnson really was an outlier case, Your Honor. What the court was grappling with there was this provision within the Armed Career Criminal Act that we had nearly a decade of both the Supreme Court itself and the circuit courts struggling to apply that in a rational way and finding that they couldn't do so. Watley hasn't shown any similar history of Indiana courts or Indiana courts having trouble applying the definition of youth program center. Well, you know, you didn't really respond to Watley's contention that an issue may be considered fairly presented if the state court actually addressed it. It seems that both the majority and the dissenters, the three in the majority, the two in the dissent in the Indiana Supreme Court, understood Watley to be raising a due process vagueness challenge, and they both addressed it on the merits. Why would that not be enough to overcome procedural default? I mean, the issue could not have been, as your brief stated, too remote and deeply buried if the court actually addressed it. Well, Your Honor, we were reading the Supreme Court's precedent in Baldwin that says courts shouldn't have to read beyond the brief to discern a federal nature of the claim and thus that the relevant inquiry isn't the Indiana Supreme Court's opinion, but rather how Mr. Watley raised the claim in his brief. Even so, if one accepts the proposition that he did fairly present the claim and the Indiana Supreme Court understood it to be a federal due process claim, that decision, that rejection of that claim, is entitled to deference under 2254D. And as Your Honor pointed out, Watley hasn't presented any federal Supreme Court precedent that he believes the Indiana Supreme Court unreasonably applied. No, I didn't point that out. I was asking about what Supreme Court cases might have. Is there any difference in the analysis, do you think, between state and federal due process vagueness challenges? Because Watley argues that there isn't, and you have not responded to that. And that would seem to mean that the Indiana courts had a full opportunity to address the due process vagueness challenge. That's true, Your Honor. The Indiana Supreme Court has not articulated whether there is a difference in vagueness analysis under the Indiana or federal constitutions. Watley, in his brief, by relying on Indiana case law, arguably contended that there was. He was relying on Indiana case law to say that due process demands a bright line rule. At least that's how the Indiana Supreme Court understood it. That's what it is. You know, Watley said that Indiana conceded an oral argument in the Indiana Supreme Court that churches are not inherently places where, you know, children gather. If that is the case, how can a person of ordinary intelligence distinguish if a particular church, or a McDonald's for that matter, or a movie theater, or any venue hosts children's events on a regular basis? How much or what type is enough for regular? Your Honor raises a good question. In this case, four events were found by the Indiana Supreme Court to be regular, four events per week. And that's how this claim has to be analyzed. It's important to remember that Watley is trying to raise at this stage, and never before, a facial challenge to the statute. But the statute doesn't implicate any First Amendment freedoms, so it can only be understood, it can only be challenged on an as-applied basis, as applied to Mr. Watley. And here we have at the Robinson Church, we have the Girl Scout troop meeting on Wednesday nights. We have the children's choir meeting on Monday and Wednesday nights. Children are attending the weekly worship service. There's a children's Bible study dedicated to them, and numerous mentoring and other educational programs. And as one of the Indiana Supreme Court justices noted in oral argument, to say that a church is not understood as a location where frequent youth programs are held is not what a reasonable person would say. But the state conceded an oral argument in the Indiana Supreme Court that churches are not inherently places where children gather. I just doubt that any ordinary person would understand that a church qualifies as a youth program center or what would trigger that label. It's awfully loosey-goosey, it seems to me, to allow a prosecutor to change the game from a sentencing range of 2 to 8 years to a range of 20 to 50 years. He went from a maximum of 8 to a 35-year sentence for visiting his father who lived two blocks from a church with a tiny rock of crack in his pocket. I see that my time has expired. I don't blame you for wanting to sit down. I don't blame you. Actually, Your Honor, I was hoping briefly to respond to your point, if I may. To the extent that Mr. Whatley is making a simple justice argument here on the basis of having his sentence increased in a way that... Judge Roefner is. To the extent that Your Honor feels that it's simply unfair, I would point out that Mr. Whatley had an opportunity under Indiana Appellate Rule 7B to challenge the justice of his sentence in light of the nature of the offense and the character of the offender, and the Indiana Supreme Court rejected that, noting the trial court was reasonable based on his prior convictions and the lack of mitigating circumstances. Well, I think that's part of the key. This is what... Obviously, this is, on the surface, looks like a pretty harsh case unless there's more to it than him simply having 3 grams and being close to what appears to be a church that could also be a youth center. There's no perimeter around a church like this, is there? No, churches were not enumerated in the statute at the time that Whatley was convicted. So it has to be something other than a church to come under the youth center. Yes, Your Honor. It does seem, but, you know, it did... He won in the Court of Appeals, then it went to the Supreme Court in 3-2, so it's obviously a close case. Judge Mannion, could you repeat that? I did not hear you. Well, I... Oh, yeah, maybe my microphone stretched out. No, I'm only looking at it from the standpoint of it's a harsh, seemingly harsh on the surface unless you look behind that why the judge did go over the minimum. He was asked to do 20, and he went higher than that. He or she, I don't remember which, but in any event, it was seemingly a very sympathetic case, and that's the only thing I can see here is there was more to it than that, and that's what the court took into consideration. Perhaps so, Your Honor, and that's a legislative determination. Okay. Thank you. All right. Thank you. Mr. Murray? Your Honor, just three quick points in rebuttal, two concerning AEDPA and one concerning procedures. Regarding AEDPA, there comes a point at which a state court has strayed so far from the most natural reading of a statute that it's simply unreasonable to determine that an individual could know that his conduct was covered. We just heard an oral argument of the state saying that perhaps McDonald's might be covered by this statute if it hosts birthday parties or something along those lines. The Indiana Supreme Court's decision here holds that a church that holds a few events a week for a few hours at a time is a youth program center. Mr. Watley could not tell that that was the case before his conduct occurred. Second, the state has mentioned that Mr. Watley needs to cite a case, a Supreme Court case, holding that the term regular is unconstitutionally vague. That is not the case. Just as in Kennedy v. Korerman, an individual does not need to cite a case applying Strickland in a very particular circumstance for an individual to obtain relief under AEDPA. The same is true here. Mr. Watley can point to cases like Evans or Coates or cases like Smith v. Kennedy that apply vagueness principles in a way that is inconsistent with the Indiana Supreme Court's decision. And finally, Your Honor, at a minimum, Mr. Watley deserves to have his claim earned the merits for the first time in district court. Twenty-seven years of Mr. Watley's life hang on the balance to the question of whether this statute is unconstitutionally vague. The district court did not address that question. What would occur in the district court if we had such a remand? What would you envision as the hearing? Would we take testimony on the regular? Would we take testimony on the church? What would you see as what would occur in the district court on the merits? I think the first thing that would happen is the record could be supplemented with more than what's currently before this court. So I've placed the transcript of the state trial on the record, but there are, of course, other papers that were before the state courts. That would be a good first step. In addition, Mr. Watley would like to be able to file a brief that starts and focuses on the regular issue. It doesn't have to be distracted by the procedural default issue and some of those other issues. So it would be a good opportunity for Mr. Watley to focus this case on just the vagueness issue. For all of these reasons, the district court's decision should be reversed. Thank you. Exactly how many years has he served? He was convicted in 2008, and so he served approximately seven. I'm not sure the exact day that he reported to prison, and I'm also not sure exactly how they calculate good time credits in Indiana, but approximately seven years, Your Honor. Thank you. Thank you. Thank you to all counsel. Mr. Murray, you have the additional thanks of the court for accepting this appointment and ably representing the petitioner. Thank you. The case is taken under advisement.